**Michael A. Scotto**
Attorney-at-Law
**1225 Franklin Ave, Suite 325**
**Garden City, NY 11530**
mascottoesq@gmail.com
*mobile: 516-506-2302*
*fax: 516-706-7312*

March 1, 2023

Hon. Margo K. Brodie
Chief Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**VIA ECF**

  Re:  <u>United States v. Steven Nerayoff</u>, Crim. No. 20-008 (MKB)

Dear Judge Brodie:

  I write in response to the government's request for a two-week extension of time by which it must respond to the defendant's pending pretrial motion (ECF Document 105).

  As I explained to the government earlier today via email, although the declaration in support of the motion is lengthy, the government is entirely familiar with the information contained therein. The substance of our motion was the subject of two meetings with the government and five letters that we submitted as part of the parties' dialogue which sought to dispose of this case without Mr. Nerayoff entering a guilty plea.

  While 57 exhibits were filed in support of the motion, all but two, by my count, were either previously in the possession of the government and provided to Mr. Nerayoff in discovery or provided to the government by Mr. Nerayoff's attorneys over the past nine months. The two exhibits that were only provided to the government with the motion are an excerpt from a book which discussed Mr. Nerayoff's role in Ethereum (Exhibit 3) and a thank you note from Rep. Warren Davidson (OH-8) (Exhibit 29). Significantly the video recordings of the Skype Business meetings which support Mr. Nerayoff's claims of innocence were provided to the government on a flash drive on June 2, 2022 and the audio recordings were provided by the government to Mr. Nerayoff in discovery.

  Although the government may not have expected the motion that the defendant filed, they certainly were aware of the wealth of material that Mr. Nerayoff had marshalled in support of that motion because they either had it or were given it over nine months ago.

Finally, in our estimation the three legal issues raised by our papers are very straightforward: i) are the Fifth Amendment rights to due process and grand jury indictment offended by trying an individual on an indictment that is based on materially false/perjurious statements; ii) is a defendant entitled to examine relevant portions of a grand jury proceeding when they've established that the testimony that the indictment was based upon must have been perjurious/false; and 3) is a defendant entitled to evidence material to his defense relating to his alleged co-conspirators status as a government agent and that same alleged co-conspirator's collusion with an alleged victim.

An additional two weeks may not seem significant, other than for Mr. Nerayoff who has for the past three and a half years lived under the dark cloud of an indictment which should never have been returned. For these reasons, Mr. Nerayoff opposes the government's request for additional time to respond.


Respectfully submitted,
/s/ Michael A. Scotto


cc: all counsel (via ECF)