

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE**
200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281

**DIVISION OF ENFORCEMENT
CYBER UNIT**

Jon Daniels


November 9, 2018

**Via Email [MalkinH@LanePowell.com]**

█ █

c/o Harold Malkin, Esq.
Lane Powell PC
1420 Fifth Avenue
Suite 4200
Seattle, Washington 98101-2375

      Re:   In the Matter of Investigation NY-9819

Dear Mr. Malkin:

      The staff of the United States Securities and Exchange Commission is conducting an investigation in the matter identified above. The enclosed subpoena has been issued to your client █ █ as part of this investigation. The subpoena requires Ms. █ to provide us documents.

      Please read the subpoena and this letter carefully. This letter answers some questions you and/or Ms. █ may have about the subpoena. You should also read the enclosed SEC Form 1662. If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment or both.

**Producing Documents**

*What materials do I have to produce?*

      The subpoena requires you to provide us the documents described in the attachment to the subpoena. **You must provide these documents by November 16, 2018.** The attachment to the subpoena defines some terms (such as "document") before listing what you must provide.

      You should produce each and every document in your possession, custody, or control, including any documents that are not in your immediate possession but that you have the ability to obtain. All responsive documents shall be produced as they are kept in the usual course of

c/o Harold Malkin, Esq.
November 9, 2018
Page 2

business, and shall be organized and labeled to correspond with the numbered paragraphs in the subpoena attachment. In that regard, documents should be produced in a unitized manner, *i.e.*, delineated with staples or paper clips to identify the document boundaries.

Documents responsive to this subpoena may be in electronic or paper form. Electronic documents such as email should be produced in accordance with the attached document entitled SEC Data Delivery Standards (the "Standards"). If you have any questions concerning the production of documents in an electronic format, please contact me as soon as possible but in any event before producing documents. **All electronic documents responsive to the document subpoena, including all metadata, must also be secured and retained in their native software format and stored in a safe place.** The staff may later request or require that you produce the native format.

For documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy documents and produce them in an electronic format consistent with the Standards. Alternatively, you may send us photocopies of the documents in paper format. **If you choose to send copies, you <u>must</u> secure and retain the originals and store them in a safe place.** The staff may later request or require that you produce the originals.

Whether you scan or photocopy documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

If you <u>do</u> send us scanned or photocopied documents, please put an identifying notation on each page of each document to indicate that you produced it, and number the pages of all the documents submitted. (For example, if Jane Doe sends documents to the staff, she may number the pages JD-1, JD-2, JD-3, etc., in a blank corner of the documents.) Please make sure the notation and number do not conceal any writing or marking on the document. If you send us originals, please do not add any identifying notations.

In producing a photocopy of an original document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original document, photocopies of the original document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

c/o Harold Malkin, Esq.
November 9, 2018
Page 3

*Do I need to send anything else?*

You should enclose a list briefly describing each item you send. The list should state to which numbered paragraph(s) in the subpoena attachment each item responds. A copy of the subpoena should be included with the documents that are produced.

Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a separate cover letter mailed separately from the data.

Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

Please also provide a narrative description describing what you did to identify and collect documents responsive to the subpoena. At a minimum, the narrative should describe:

- who searched for documents;
- who reviewed documents found to determine whether they were responsive;
- what sources were searched (*e.g.*, computer files, CDs, DVDs, thumb drives, flash drives, online storage media, hard copy files, diaries, datebooks, planners, filing cabinets, home office, work office, voice mails, home email, webmail, work email, backup tapes or other media);
- what third parties, if any, were contacted to obtain responsive documents (*e.g.*, phone companies for phone records, brokerage firms for brokerage records); and
- where the original electronic and hardcopy documents are maintained and by whom.

**If the document production contains Bank Secrecy Act materials, please segregate and label those materials within the production.**

For any documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11) please have the appropriate representative(s) of your firm complete a business records certification (a sample of which is enclosed) and return it with the document production.

*What if I do not send everything described in the attachment to the subpoena?*

The subpoena requires you to send all the materials described in it. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the subpoena, you should submit a list of what you are not producing. The list should describe each item separately, noting:

- its author(s);

CONFIDENTIAL

013904

c/o Harold Malkin, Esq.
November 9, 2018
Page 4

- its date;
- its subject matter;
- the name of the person who has the item now, or the last person known to have it;
- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
- the reason you did not produce the item; and
- the specific request in the subpoena to which the document relates.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should identify the attorney and client involved. If you withhold anything on the basis of the work product doctrine, you should also identify the litigation in anticipation of which the document was prepared.

If documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such documents and give the date on which they were lost, discarded or destroyed.

*Where should I send the materials?*

Please send the materials to:

> ENF-CPU
> U.S. Securities and Exchange Commission
> 100 F St., N.E., Mailstop 5973
> Washington, DC 20549-5973

For smaller electronic productions under 10MB in size, the materials may be emailed to the following email address: ENF-CPU@sec.gov.

## Other Important Information

*May I have a lawyer help me respond to the subpoena?*

Yes. You have the right to consult with and be represented by your own lawyer in this matter. We cannot give you legal advice.

*What will the Commission do with the materials I send?*

The enclosed SEC Form 1662 explains how we may use the information you provide to the Commission. This form also has other important information for you. Please read it carefully.

c/o Harold Malkin, Esq.
November 9, 2018
Page 5

*Has the Commission determined that anyone has done anything wrong?*

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that you or anyone else has violated the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions. What should I do?*

If you have any other questions, you may call me at                              . If you are represented by a lawyer, you should have your lawyer contact me.

Sincerely,

Jon Daniels
Attorney

Enclosures:     Subpoena and Attachment
                SEC Data Delivery Standards
                SEC Form 1662
                Business Records Certification

CONFIDENTIAL                                                    013906



# SUBPOENA

# UNITED STATES OF AMERICA
# SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Investigation NY-9819

To: ▆▆▆▆▆

c/o Harold Malkin, Esq.
Lane Powell PC
1420 Fifth Avenue
Suite 4200
Seattle, Washington 98101-2375

☒   **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 100 F St., N.E., Mailstop 5973, Washington, DC 20549-5973, no later than November 16, 2018 at 5:30 p.m.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

By: _____     Date: ___11/9/18___

Jon Daniels, Attorney
U.S. Securities and Exchange Commission
200 Vesey Street, Suite 400
New York, New York 10281

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:     If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

**SUBPOENA ATTACHMENT FOR FANTASY MARKET**
**November 9, 2018**
**Fantasy Market (NY-9819)**

## A. Definitions

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1. ████████████ Inc.and includes parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2. "Person" means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

3. A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-ventures, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

4. "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated

5. "Communication" means any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

6. The terms "you" and "your" means, and all of the U.S. and non-U.S. parents, subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the

1

foregoing.

7.  "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

8.  To the extent necessary to bring within the scope of this subpoena any information or Documents that might otherwise be construed to be outside its scope:

    a.  the word "or" means "and/or";
    b.  the word "and" means "and/or";
    c.  the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;
    d.  the masculine gender includes the female gender and the female gender includes the masculine gender; and
    e.  the singular includes the plural and the plural includes the singular.

## B.  Instructions

1.  Unless otherwise specified, the subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All electronic Documents responsive to the Document subpoena, including all metadata, should also be produced in their native software format.

2.  For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you must secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

3.  Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

4.  In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies

2

CONFIDENTIAL                                013909

of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paper clips to identify the Document boundaries.

6. Documents should be labeled with sequential numbering (bates-stamped).

7. You must produce all Documents created during, or Concerning, **the period January 1, 2017 to the present**, unless otherwise specified.

8. The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

9. You are not required to produce exact duplicates of any Documents that have been previously produced to the Securities and Exchange Commission staff in connection with this matter. If you are not producing Documents based upon a prior production, please identify the responsive Documents that were previously produced.

10. For any Documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the Document production.

11. **If the Document production contains Bank Secrecy Act materials, please segregate and label those materials within the production.**

12. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what it is not producing. The list should describe each item separately, noting:

    a.    its author(s);

    b.    its date;

    c.    its subject matter;

    d.    the name of the Person who has the item now, or the last Person known to have it;

    e.    the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;

    f.    the basis upon which you are not producing the responsive Document;

    g.    the specific request in the subpoena to which the Document relates;

    h.    the attorney(s) and the client(s) involved; and

3

CONFIDENTIAL

i.     in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

13.    If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

## C.   Documents to be Produced

1.   A list of purchasers of ▮▮▮ tokens prior to the official public token offering, including (i) name; (ii) date of purchase; (iii) number of ▮▮▮ tokens received; (iv) purchase amount in fiat money (e.g., U.S. dollars) or cryptocurrency; (v) any digital wallet addresses associated with the purchase.

2.   All documents and communications relating to Steven Neyaroff's activities in connection with the sale of ▮▮▮ tokens prior to the official public token offering, including but not limited to the following:

   a.  all documents identifying amounts paid to Nerayoff by ▮▮▮ investors prior to the official public token offering;

   b.  all documents identifying amounts received from ▮▮▮ investors prior to the official public token offering that were retained by Nerayoff; and

   c.  all documents identifying amounts received from ▮▮▮ investors prior to the official public token offering that were paid by Nerayoff to ▮▮▮

3.   All documents and communications, including but not limited to any contemporaneous notes, concerning threats made by Michael Peters and/or Steven Neyaroff against ▮▮▮▮▮▮

4

### DECLARATION OF *[Insert Name]* CERTIFYING RECORDS
### OF REGULARLY CONDUCTED BUSINESS ACTIVITY

I, the undersigned, *[insert name]*, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by *[insert name of company]* as *[insert position]* and by reason of my position am authorized and qualified to make this declaration. *[if possible supply additional information as to how person is qualified to make declaration, e.g., I am custodian of records, I am familiar with the company's recordkeeping practices or systems, etc.]*

2. I further certify that the documents *[attached hereto or submitted herewith]* and stamped *[insert bates range]* are true copies of records that were:

   (a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

   (b) kept in the course of regularly conducted business activity; and

   (c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on *[date]*.

_____

*[Name]*

013912